**CONRAD MUSIC et al., Plaintiffs,**

v.

**MODERN DISTRIBUTORS, INC., et al., Defendants.**

**No. CV 74–2983–AAH.**

United States District Court, C. D. California.

June 20, 1977.

Gang, Tyre & Brown by Howard King, Los Angeles, Cal., for plaintiffs.

Joseph Fairfield, Los Angeles, Cal. ("Fairfield"), for Modern and Chiapetta.

FINDINGS OF FACT AND ORDER STRIKING DEFENDANTS' ANSWER AND FOR ENTRY OF JUDGMENT BY DEFAULT

HAUK, District Judge.

The motion of plaintiff Conrad Music, a Division of ARC Music Corp. ("Conrad"), and Larry Spier, Inc. ("Spier"), for an order, in the alternative, pursuant to Rule 37(d) of the *Federal Rules of Civil Procedure,* striking out the answer of defendants Modern Distributors, Inc. ("Modern") and Betty L. Chiapetta ("Chiapetta") to the first amended complaint on file herein and entering judgment by default against said defendants based on the failure of Modern and Chiapetta to answer, fully and completely, plaintiffs' first set of interrogatories, as Modern and Chiapetta were ordered to do on January 3, 1977, came on regularly for hearing before the above-entitled Court on April 18, 1977. The Court, having reviewed plaintiffs' first set of interrogatories to Modern and Chiapetta and their purport-

ed answers thereto, which answers were ordered by the Court to be filed on or before February 3, 1977, in response to plaintiffs' previous motion for an order compelling defendants to do so, and having further considered the notice of motion and memorandum of points and authorities filed by plaintiffs, and having considered the arguments of counsel, and being fully advised in the premises, and good cause appearing therefor,

## THE COURT HEREBY FINDS AND CONCLUDES AS FOLLOWS:

1. That the purported answers of defendants Modern and Chiapetta to plaintiffs' first set of interrogatories are, to the extent not unintelligible, non-responsive and evasive for all of the reasons set forth in plaintiffs' memorandum of points and authorities and, in the opinion of this Court, evidence an utter disdain on the part of Modern and Chiapetta for the Court's order of January 3, 1977, and the plaintiffs' right to conduct pretrial discovery.

2. The Court further finds that failure of Modern and Chiapetta to file full, complete and responsive answers to plaintiffs' first set of interrogatories not only constitutes a violation of this Court's order of January 3, 1977, requiring them to do so, but that their disobedience to the Court's order was willful, conscious, intentional and deliberate.

3. The Court further finds that since January 3, 1977, the date he was substituted in as their attorney of record, Modern and Chiapetta have failed to cooperate with Fairfield and that all of Fairfield's attempts to communicate with and to have Modern and Chiapetta aid him in the preparation of answers to plaintiffs' first set of interrogatories, have been futile.

4. The Court further finds that failure of defendants Modern and Chiapetta to answer fully and completely plaintiffs' first set of interrogatories, notwithstanding the issuance of the Court order directing them to do so, constitutes bad faith, gross indifference to the rights of plaintiffs, deliberate callousness, and gross negligence on the

part of defendants who personally assumed responsibility for the preparation of the answers in question.

## WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the answers of defendants Modern and Chiapetta to plaintiffs' first amended complaint on file herein be ordered stricken.

2. That the default of defendants Modern and Chiapetta be entered.

3. That plaintiffs have, and the Clerk is hereby ordered to enter, judgment against defendants Modern and Chiapetta, directing them to pay plaintiffs as their interests appear, in the sum of $45,000, in the aggregate, representing maximum statutory "in lieu" damages in respect of defendants' infringement of each of the copyrights in the musical compositions referred to in plaintiffs' first amended complaint; plus attorneys' fees in the sum of $5,000; plus plaintiffs' costs of suit incurred herein.

4. That plaintiffs have, and the Clerk is hereby ordered to enter, further judgment against Modern and Chiapetta as follows:

(a) That defendants Modern and Chiapetta and their respective agents, servants, employees, officers, attorneys, successors and assigns, and all those in active concert or participation with them, are enjoined, permanently, from directly or indirectly infringing the copyrights of plaintiffs in any manner, and from reproducing and distributing to the public by sale or other transfer or ownership, sound recordings embodying plaintiffs' copyrighted compositions and from transferring title, or in any manner divesting ownership of any and all infringing material, including but not limited to prerecorded tapes, tape cartridges, prerecorded and blank reel-to-reel magnetic tapes, tape cassettes, tape recorders, tape playback decks, tape slaves, testing players, discs, mothers, stampers, matrices and presses, as may be in the possession or under the control of defendants, or any agent or agents of the defendants.

(b) That defendants Modern and Chiapetta, and each of them, are required to deliver up for destruction any and all such infringing, unauthorized sound recordings embodying plaintiffs' copyrighted compositions and any and all means for making the same in their possession or under their control, including without limitation, prerecorded and blank reel-to-reel magnetic tapes, tape cartridges, tape cassettes, tape recorders, tape playback decks, tape slaves, testing players, discs, mothers, stampers, matrices and presses.

Let Judgment be entered accordingly.